**Affirmed, in Part, Reversed and Rendered, in Part, and Opinion filed July 19, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00751-CV

---

### TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES A/K/A BRENHAM STATE SCHOOL, ANTHONY V. WATSON, DWANE B. HUBBARD, AND ARETHA L. TURNER, Appellants

### V.

### MARY CANNON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PATRICK TATE DYESS, DECEASED, Appellee

---

**On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 34370**

---

## O P I N I O N

In this interlocutory appeal, appellants, Texas Department of Aging and Disability Services a/k/a Brenham State School ("the Department") and Anthony V. Watson, Dwane B. Hubbard, and Aretha L. Turner (collectively "the employees"), appeal the following orders in the underlying suit filed by appellee, Mary Cannon, Individually and as Representative of the Estate of Patrick Tate Dyess: (1) an order denying the Department's plea to the jurisdiction; (2) an order denying the Department's motion to

dismiss claims against the employees; and (3) an order denying the employees' own motion to dismiss those claims. We reverse the order denying the Department's plea to the jurisdiction and render judgment dismissing all claims against the Department. We affirm both orders denying the motions to dismiss all remaining claims against the employees.

## I. BACKGROUND

At pertinent times, Cannon's son, Patrick Tate Dyess, was a resident of Brenham State School, which is operated by the Department. The record indicates that on September 12, 2003, the employees physically restrained Dyess because of his behavior. According to Cannon, Dyess was asphyxiated during this incident, resulting in his death.

In March 2005, Cannon filed a wrongful-death and survival suit, individually and on behalf of Dyess's estate, against the Department and the employees. In her original petition, Cannon advanced only tort claims, alleging the employees, while in the course and scope of employment, were negligent by using excessive force to discipline Dyess and the Department was negligent in its hiring, training, and supervision of employees.

In an amended answer filed in April 2009, the Department first requested dismissal of the employees pursuant to Texas Civil Practice and Remedies Code section 101.106(e), contained in the Election-of-Remedies provision of the Texas Tort Claims Act ("TTCA").[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (West 2011). In October 2009, the Department filed a separate motion to dismiss the employees pursuant to Texas Civil Practice and Remedies Code sections 101.106(a) and (e), and the employees filed their own motion on the same ground. The Department and the employees eventually set these motions to dismiss for hearing in January 2011.

---

[1] The four-year gap between the original petition and the amended answer was apparently due, in part, to the fact that the defendants were awaiting a ruling on their motion to transfer venue by the trial court in which the case was originally filed. That court did not grant the motion until July 2009. Thereafter, all other pleadings relevant to the issues on appeal were filed in the current trial court.

2

Meanwhile, in its original answer, amended answer, and first supplemental plea to the jurisdiction, the Department pleaded sovereign immunity with respect to the claims against the Department and also set this plea for the same January 2011 hearing.

On the day of the scheduled hearing, Cannon amended her petition to add an intentional-tort claim and an action under section 1983 of Title 42 of the United States Code, contending that, acting under color of state law, all defendants deprived Dyess of certain rights under the United States Constitution. *See* 42 U.S.C. § 1983. The record reflects that no hearing was conducted that day.

Subsequently, the Department filed second and third supplemental pleas to the jurisdiction, adding that the section 1983 claim against the Department is also barred by sovereign immunity. The Department and the employees also filed a first supplemental motion to dismiss the section 1983 claims against the employees, again citing sections 101.106(a) and (e).

On June 9, 2011, the trial court heard the Department's plea to the jurisdiction and all motions to dismiss. At the hearing, Cannon agreed to dismiss all common law tort claims but not the section 1983 claims. After hearing arguments, the trial court orally cited Cannon's agreement to dismiss all tort claims but granted the plea to the jurisdiction and the motions to dismiss relative to those claims "if there's any question on that." The trial court announced that it denied the plea to the jurisdiction and the motions to dismiss relative to the section 1983 claims.

On July 17, 2011, the trial court signed an order granting Cannon's motion to dismiss the tort claims with prejudice. On August 18, 2011, the trial court signed three additional orders: (1) an order denying the Department's plea to the jurisdiction; (2) an order denying the Department's motion to dismiss the employees; and (3) an order denying the employees' motion to dismiss. The Department and the employees filed this interlocutory appeal challenging these latter three orders.

## II. ANALYSIS

Although the trial court did not specify the claims addressed in the orders at issue, the only remaining causes of action were Cannon's section 1983 claims, in light of her previous dismissal of all tort claims. In their joint appellate brief, the Department and the employees present two issues relative to the section 1983 claims: (1) the trial court erred by denying the Department's plea to the jurisdiction; and (2) the trial court erred by denying the motion to dismiss the claims against the employees.

### A. The Department's Plea to the Jurisdiction

We have jurisdiction to address an interlocutory appeal of an order denying a governmental unit's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2011). The Department argues that it was entitled to dismissal of Cannon's section 1983 claim because (1) a state entity is not a "person" whom may be sued under section 1983 and (2) the Department enjoys immunity from a section 1983 claim. We need not decide whether the Department's first contention is a challenge to the trial court's jurisdiction which may be raised via interlocutory appeal, rather than a substantive challenge to the section 1983 claim, because we agree with the Department's second contention.

Governmental immunity from suit deprives a trial court of subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a trial court has subject matter jurisdiction is a question of law which we review de novo. *Id.* at 226, 228. When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* at 226. We construe the pleadings liberally in favor of the pleader and look to her intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Id.* at 226–27. If the pleadings affirmatively negate the existence

4

of jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

Under the Eleventh Amendment to the United States Constitution, state agencies are entitled to sovereign immunity in their own courts unless Congress validly abrogates, or the state waives, this immunity. *See Univ. of Tex. at El Paso v. Herrera*, 322 S.W.3d 192, 195 (Tex. 2010); *Tex. Dep't of Transp. v. Esters*, 343 S.W.3d 226, 232 (Tex. App.— Houston [14th Dist.] 2011, no pet.). In enacting section 1983, Congress did not abrogate the states' immunity, and the Texas Legislature has not waived sovereign immunity for section 1983 suits. *See Quern v. Jordan*, 440 U.S. 332, 337–45 (1979); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007); *Esters*, 343 S.W.3d at 232. Therefore, Cannon's petition affirmatively negates the trial court's jurisdiction because the Department is immune from Cannon's section 1983 claim. *See Esters*, 343 S.W.3d at 232–33 (holding state agency was immune from suit under section 1983).

Nevertheless, Cannon suggests that dismissal of her suit against the Department is improper because she advances claims under Texas Penal Code section 22.04 and Texas Education Code section 22.0511, which purportedly waive sovereign immunity.[2] Penal Code section 22.04 makes injury to a child, an elderly individual, or a disabled individual a criminal offense. Tex. Penal Code Ann. § 22.04 (West Supp. 2011). Education Code section 22.0511 limits liability of a "professional employee of a school district" for certain acts within the scope of his employment subject to exceptions including use of excessive force in disciplining students or negligence resulting in bodily injury to students. Tex. Educ. Code Ann. § 22.0511 (West Supp. 2011).

Notwithstanding that neither statute creates a civil cause of action and the Department is not a school-district employee, Cannon did not plead any claims under these statutes. In her petition, Cannon mentioned these statutes only when alleging that

---

[2] Cannon actually concedes she "cannot maintain" a section 1983 suit against the Department, although Cannon bases this concession on the fact the Department is not a "person" under section 1983— the contention we have not addressed. Cannon does not expressly acknowledge that the Department is immune from suit under section 1983, although we have concluded it enjoys such immunity.

5

they supported jurisdiction relative to the claims she did plead. Regardless, even if Cannon's petition may be construed as alleging claims under these statutes, the Department's general assertion of sovereign immunity in its plea to the jurisdiction was sufficient to encompass such claims. Nothing in these statutes waives sovereign immunity for a civil suit against a state agency. *See* Tex. Penal Code Ann. § 22.04; Tex. Educ. Code Ann. § 22.0511.

In summary, the trial court erred by denying the Department's plea to the jurisdiction. We sustain the Department's first issue.

## B. Motion to Dismiss the Employees

In appellants' "First Supplemental Motion to Dismiss Pursuant To Tex. Civ. Prac. & Rem. Code § 101.106(a) & § 101.106(e)," they requested dismissal of the section 1983 claims against the employees.[3] These sections in the Election-of-Remedies provision of the TTCA provide,

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> . . .
>
> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a), (e).

Section 51.014(a)(5) of the Civil Practice and Remedies Code allows an appeal from an interlocutory order that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5). The Supreme Court of Texas has held that section 51.014(a)(5) authorizes interlocutory

---

[3] Because both the Department and the employees filed this motion, we will refer to them hereinafter collectively as "appellants."

appeal of an order denying a motion to dismiss pursuant to section 101.106(e) because section 51.014(a)(5) encompasses any order denying assertion of an employee's immunity regardless of the procedural vehicle through which such assertion is raised. *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 299–301 (Tex. 2011).

On appeal, appellants contend they were entitled to dismissal of the section 1983 claims against the employees for the following reasons: (1) the claims were not "before the court" when added in Cannon's first amended petition; (2) Cannon could not defeat appellants' right to dismissal of the employees by filing an amended petition; and (3) the section 1983 claims against the employees are based on the same subject matter as the claims against the Department.

## 1.     Contention that section 1983 claims were not "before the court"

First, in the trial court and on appeal, appellants have contended they are entitled to dismissal of the section 1983 claims against the employees because those claims were not "before the court" by virtue of Cannon's adding them in her amended petition.

As mentioned above, appellants requested dismissal of the tort claims against the employees in April 2009, but the trial court did not sign an order of dismissal until July 2011; in the interim, Cannon added the section 1983 claims in her amended petition. Appellants equate a motion to dismiss under section 101.106(e) to a non-suit with respect to the principle that a non-suit is effective when filed. *See Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Schultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam). Therefore, according to appellants, the tort claims against the employees were dismissed "the moment" that the Department requested dismissal of those claims pursuant to section 101.106(e); thus, there was no existing suit against the employees to which Cannon could add the section 1983 claims by amending her petition.[4]

---

[4] Although the Department requested dismissal of the tort claims against the employees in their April 2009 amended answer, they subsequently filed motions requesting such dismissal. We need not decide whether including a request in an answer constitutes a "motion" under section 101.106(e) because even the motions were filed before Cannon amended her petition; therefore, appellants' contention is the same irrespective of whether the answer or motions constitute the first request under section 101.106(e).

7

Relative to this contention, appellants do not argue that Cannon made an election of remedies barring the section 1983 claims against the employees when she sued the Department (either under section 1983 or in tort). Specifically, appellants do not suggest that Cannon may never assert section 1983 claims against the employees because she also sued the Department. In fact, at the hearing on the motion, appellants argued,

> Now, there's a body of cases that say 101.106 does not bar 1983 claims, and I realize that case law is out there. We are not saying that it bars 1983 claims. What we're saying is, that they couldn't add them in this lawsuit because, at the moment we filed that (e) motion to dismiss the employees, they were dismissed; there was no lawsuit for them to add to a couple years later.

> We're not saying that if they don't want to, they can't go file another lawsuit for 1983 claims against them, but the validity of that I'm not – I wouldn't say one way or another,

> . . .

> So it's our position at the moment that the motion was filed they were entitled to a dismissal, and the plaintiffs couldn't add 1983 claims or any other claims to the lawsuit. Again, whether or not they could file a separate 1983 action and whether 101.106(e) would bar that, that's not the issue here.

Consequently, appellants essentially present the following issue: whether the tort claims against the employees were considered dismissed immediately upon the April 2009 request, thereby necessitating a new suit to assert section 1983 claims against the employees; or, instead, whether the tort claims were considered dismissed only when the trial court signed an order of dismissal, thereby allowing the section 1983 claims to continue as already asserted via amended petition in the existing suit.[5]

---

[5] Appellants suggest Cannon was required to file a separate suit to assert section 1983 claims against the employees. However, considering the present suit was undisputedly still pending against the Department when Cannon amended her petition, it is not clear whether appellants acquiesce Cannon could have asserted section 1983 claims against the employees by amended petition in the present suit as long as she served them again, which would arguably place appellants in the same position as the filing of a separate suit. Nonetheless, the crux of appellants' argument is Cannon was required to again institute suit against the employees to assert section 1983 claims because no suit was pending against them.

We conclude the tort claims were not effectively dismissed until the trial court signed an order. Contrary to appellants' suggestion, section 101.106(e) does not state that the employees "are immediately dismissed" or "are considered immediately dismissed" on the filing of the requisite motion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). Rather, the provision states that the employees "shall immediately be dismissed on the filing of a motion . . . ." *Id.* The term "*shall* immediately be dismissed" (emphasis added) connotes an instruction that certain action must be taken by the trial court to effect the dismissal. *See Fireman's Fund Cnty. Mut. Ins. Co. v. Hidi*, 13 S.W.3d 767, 768–69 (Tex. 2000) (stating that, in construing statute, court should first consider plain meaning of words used therein). Moreover, the requirement that a *motion* be filed to obtain dismissal indicates that action by the trial court is necessary to effect the requested relief. *See* BLACK'S LAW DICTIONARY 1106 (9th ed. 2009) (defining "motion" as "[a] written or oral application requesting a court to make a specified ruling or order").

Appellants seem to focus on the term "immediately" to urge that dismissal is effective upon the filing of the motion. However, construed in context, we conclude that "immediately" means dismissal by the trial court is mandatory, not discretionary, and there are no further matters the court may entertain relative to the employees before it signs an order of dismissal. Further, we disagree that a motion under section 101.106(e) is identical to a non-suit with respect to when the dismissal is effective because a non-suit is taken merely by the filing of "notice"—not a motion. *See* Tex. R. Civ. P. 162.

To support their argument that dismissal is effective when the governmental unit files its motion, appellants cite *Graham* and *Villasan v. O'Rourke*, 166 S.W.3d 752, 758 (Tex. App.—Beaumont 2005, pet. denied).

In *Graham*, the plaintiff filed health-care-liability claims against a state hospital and two of its doctor employees. 347 S.W.3d at 299. Pursuant to section 101.106(e), the hospital filed a motion to dismiss the claims against the doctors, and pursuant to sections 101.106(a) and (e), the doctors filed their own motion. *Id.* The plaintiff then non-suited the hospital and argued that this action precluded a ruling on the hospital's motion to

9

dismiss. *Id.* at 299, 301. The supreme court disagreed, recognizing that a non-suit does not prejudice the right of an adverse party to be heard on a claim for pending relief, plus the doctors had filed their own motion to dismiss. *Id.* at 301 (citing Tex. R. Civ. P. 162). Appellants emphasize the following statement by the court: "The Doctors were therefore entitled to 'immediate' dismissal once the Hospital filed its motion." *Id.* Contrary to appellants' suggestion, the court did not state that the dismissal was considered effective when the hospital filed its motion, without further action by the trial court. *Id.* Rather, the court merely indicated that the right to immediate dismissal of the employees was *perfected* when the hospital filed its motion and no subsequent non-suit of the hospital mooted that right. *Id.* In fact, the court implicitly acknowledged that action by the trial court was required to effect the right to dismissal because the court referred to the hospital's "pending" motion to dismiss at the time of the non-suit as though the doctors had not yet been dismissed when the hospital was non-suited. *See id.*

Similarly, in *Villasan*, the plaintiffs filed a medical-malpractice suit against a state hospital and its doctor employee. 166 S.W.3d at 756. Pursuant to section 101.106(e), the hospital filed a motion to dismiss the claims against the doctor. *Id.* The plaintiffs responded by filing an amended petition omitting the hospital and leaving the doctor as the sole defendant. *Id.* at 757. When the doctor filed his own motion to dismiss invoking section 101.106(e), the plaintiffs contended their voluntary dismissal of the hospital mooted the doctor's motion and section 101.106(e) did not apply because they were no longer suing both the hospital and the doctor. *Id.* at 757–58. The court of appeals rejected this contention, recognizing that under section 101.106, when a TTCA claimant elects to include the governmental unit as a party to a suit, whether alone or in conjunction with a governmental employee, the claimant has made an irrevocable election of remedies that she "will look solely to the governmental unit for compensation for injury." *Id.* at 759 (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a)). The court also stated that this statute making the election of remedies irrevocable controls over conflicting Texas Rule of Civil Procedure 65, which provides, "'the instrument for

10

which it [the amended pleading] is substituted shall no longer be regarded as a part of the pleading in the record of the cause.'" *Id.* at 762 (quoting Tex. R. Civ. P. 65). Therefore, the court held that a governmental unit perfects the statutory right to dismissal of its employee under section 101.106 upon the filing of a motion to dismiss, and "[s]ubsequent amended pleadings by the plaintiff filed after the government's filing of its motion to dismiss the employee do not moot [this] right." *Id.* at 758; *see also Singleton v. Casteel*, 267 S.W.3d 547, 552 n.6 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (noting *Villasan* for proposition that amending petition does not avoid mandatory language of section 101.106(e) when dismissal of governmental employee is appropriate based on original petition).

Appellants cite the following language in *Villasan* for the proposition that "dismissal is immediate the moment the government unit files the § 101.106(e) motion":

> The statutes governing TTCA suits make the trial judge's responsibility to dismiss the government's employee mandatory when the government files a motion requesting that the claims against its employee be dismissed. The trial judge's duty under these circumstances is not optional.

166 S.W.3d at 762–63. Contrary to appellants' contention, the *Villasan* court did not decide any issue regarding the point at which the dismissal is effective for purposes of determining when there is no longer an active suit against the employees. *See id.* at 757–67. Instead, the court opined regarding the point at which a plaintiff makes an irrevocable election to sue the governmental unit and the point at which the unit perfects its right to dismissal of the employees, for purposes of deciding whether the plaintiff may moot that right by amending the petition to delete the unit. *See id.* at 757–63. In fact, in the above-quoted passage, the court implicitly acknowledged that, although the right to dismissal of the employee is *perfected* when the governmental unit files its motion, action by the trial court is required to effect the dismissal. *See id.* at 762–63.

In summary, because Cannon amended her suit to add section 1983 claims against the employees before the trial court dismissed the tort claims against them, the section 1983 claims were asserted in an existing suit against the employees. Accordingly, the

11

trial court did not err by refusing to dismiss the section 1983 claims on the ground that they were not "before the court."

### 2. Contention that Cannon could not defeat appellants' right to dismissal by amending her petition

Next, again relying on *Villasan* and subsequent cases citing *Villasan*, appellants have suggested in the trial court and on appeal that Cannon "could not defeat the employees' right to dismissal by subsequently filing her [amended petition]." However, *Villasan* is inapplicable in the present case. Unlike the *Villasan* plaintiff, Cannon did not amend her petition to delete the tort claims against the Department in an attempt to moot her earlier election and defeat appellants' right to dismissal of the tort claims against the employees. *See id.* at 756–58. Indeed, in her amended petition, Cannon still attempted to advance tort claims against both the Department and the employees, although she later dismissed those claims. Rather, Cannon amended her petition to add section 1983 claims. Nonetheless, any issue regarding appellants' right to dismissal of the tort claims against the employees was rendered moot when Cannon subsequently dismissed those claims. Relative to their motion to dismiss the section 1983 claims against the employees, appellants presented only the contention that Cannon was required to initiate a new suit to advance those claims—the contention we have rejected, as discussed above.

### 3. Contention that dismissal was required because section 1983 claims are based on same subject matter as claims against the Department

Finally, on appeal, appellants now suggest that Cannon's section 1983 claims against the employees are directly barred under section 101.106(a) because they are based on the same subject matter as Cannon's suit against the Department. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a). However, we will not consider this contention because the trial court did not deny the section 101.106 motion on this ground. As discussed above, appellants did not move to dismiss the section 1983 claims against the employees on this ground they now present on appeal. In their motion, appellants presented only the two contentions addressed above. In particular, appellants did not argue that Cannon made an election of remedies which "forever bars" the section 1983

12

claims against the employees because she also sued the Department (either under section 1983 or in tort). *See id.* Rather, appellants represented at the hearing that they were *not* presently arguing the section 1983 claims against the employees are forever barred under section 101.106. Instead, appellants recognized that, if the section 1983 claims against the employees were dismissed from the present suit because they were not "before the court," Cannon might assert them in a separate suit, at which point appellants might raise an issue on whether the claims are forever barred.

In summary, we have rejected appellants' first two arguments challenging the trial court's denial of the motion to dismiss the section 1983 claims against the employees, and appellants failed to present the last argument in the trial court. Accordingly, we overrule appellants' second issue.

### III. CONCLUSION

We reverse the trial court's order denying the Department's plea to the jurisdiction and render judgment dismissing all remaining claims against the Department. We affirm the orders denying the "First Supplemental Motion to Dismiss" filed by the Department and the employees with respect to the remaining claims against the employees.


/s/    Charles W. Seymore
       Justice


Panel consists of Justices Seymore, Boyce, and Yates.[6]

---

[6] Senior Justice Leslie Brock Yates sitting by assignment.

13