

## IN THE
## TENTH COURT OF APPEALS

### No. 10-13-00029-CV

**MICHAEL V. PISHKO, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY, N.K. ANAND,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY, AND TEXAS A&M UNIVERSITY,**

                                    **Appellants**

 **v.**

**DR. LALE YURTTAS,**

                                    **Appellee**

---

**From the 361st District Court
Brazos County, Texas
Trial Court No. 12-000579-CV-361**

---

### MEMORANDUM OPINION

---

Lale Yurttas originally sued the Texas A&M University System, Texas A&M University, and two of its employees, Michael V. Pishko and N.K. Anand, in their official and individual capacities. She asserted a discrimination claim under Texas Labor Code section 21.051 and a defamation claim. In her first amended petition, Yurttas omitted the Texas A&M University System as a defendant.

Yurttas alleges that she is a former employee of the University; she had been employed as a nontenure-track lecturer and then senior lecturer on a year-to-year contract in the Chemical Engineering Department. She also served various leadership roles at the departmental and university level. In June 2010, Yurttas was notified that her employment with the University would be terminated effective July 31, 2011 as part of a reduction in force (RIF). Pishko, then-department head, and Anand, then-Associate Dean of the Department of Engineering, were involved in the termination decision, and Yurttas alleges that their decision was motivated by their discriminatory animus pertaining to her gender, age, race, and religion.

After Yurttas filed her first amended petition, the University, Pishko, and Anand filed a plea to the jurisdiction seeking dismissal on sovereign-immunity grounds of all claims against the University, except for the Labor Code claims, and of all claims against Pishko and Anand in their official capacities. The University also filed a motion to dismiss on behalf of Pishko and Anand; it sought dismissal of all claims against Pishko and Anand under subsection 101.106(e) of the Tort Claims Act.

In her second amended petition, Yurttas added a free-speech retaliation claim under the Texas Constitution and a civil conspiracy claim against Pishko and Anand. In her fourth amended petition, Yurttas added a retaliation claim under section 21.051 of the Labor Code. In all of her petitions, Yurttas alleged that the University was liable for Pishko's and Anand's actions under the doctrine of respondeat superior because they were acting in the course and scope of their employment and that Pishko and Anand were acting as the University's agents in their actions against Yurttas.

At the hearing on the plea to the jurisdiction and the motion to dismiss, counsel for Yurttas did not oppose the plea to the jurisdiction. In her brief, Yurttas notes that an approved order granting the plea has been submitted to the trial court. The trial court denied the motion to dismiss, and this interlocutory appeal followed.

In two issues, Pishko and Anand assert that subsection 101.106(e) applies to Yurttas's tort claims against them in their individual capacities and that the trial court erred in denying the motion to dismiss the tort claims against them in their individual capacities.

In response, Yurttas initially contends that we lack jurisdiction because no interlocutory appeal lies from a denial of a motion to dismiss under subsection 101.106(e). Yurttas is incorrect:

> Section 51.014(a)(5) of the Civil Practice and Remedies Code allows an appeal from an interlocutory order that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5). The Supreme Court of Texas has held that section 51.014(a)(5) authorizes interlocutory appeal of an order denying a motion to dismiss pursuant to section 101.106(e) because section 51.014(a)(5) encompasses any order denying assertion of an employee's immunity regardless of the procedural vehicle through which such assertion is raised.

*Tex. Dep't. Aging & Disability Servs. v. Cannon*, 383 S.W.3d 571, 576 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (citing *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 299-301 (Tex. 2011)).

Subsection 101.106(e) provides: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be

dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2011).

We review de novo a trial court's denial of a motion to dismiss under subsection 101.106(e) because it is a question of immunity and thus subject-matter jurisdiction. *City of Webster v. Myers*, 360 S.W.3d 51, 56 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *City of Corpus Christi v. Eby*, No. 13-09-00205-CV, 2011 WL 1437002, at *2 (Tex. App.—Corpus Christi Apr. 14, 2011, no pet.) (mem. op.).

"[T]he Tort Claims Act's election scheme is intended to protect governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer." *Mission Consol. ISD v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e), (f)).

> Under the Tort Claims Act's election scheme, recovery against an individual employee is barred and may be sought against the governmental unit only in three instances: (1) when suit is filed against the governmental unit only, *id.* § 101.106(a); (2) when suit is filed against both the governmental unit and its employee, *id.* § 101.106(e); or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit, *id.* § 101.106(f). When suit is filed against the employee, recovery against the governmental unit regarding the same subject matter is barred unless the governmental unit consents to suit. *Id.* § 101.106(b). Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously *before* filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually.

*Id.* (emphasis added).

> [S]ection 101.106 is intended to "force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or

acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Garcia*, 253 S.W.3d at 657. In turn, section 101.106's election scheme favors the expedient dismissal of governmental employees when suit should have been brought against the government. *Id.* An early determination of who constitutes the proper defendant "narrows the issues for trial and reduces delay and duplicative litigation costs" by removing a plaintiff's ability "to plead alternatively that the governmental unit is liable because its employee acted within the scope of his or her authority but, if not, that the employee acted independently and is individually liable." *Id.* Thus, when determining the meaning of section 101.106's various provisions, we must favor a construction that most clearly leads to the early dismissal of a suit against an employee when the suit arises from an employee's conduct that was within the scope of employment and could be brought against the government under the TTCA.

*Tex. Adjutant General's Office v. Ngakoue,* ___ S.W.3d ___, ___, 2013 WL 4608867, at *4

(Tex. Aug. 30, 2013).

[W]hen suit is filed against both a governmental unit under the TTCA and its employee [,] … "the employee shall immediately be dismissed on the filing of a motion by the governmental unit." [TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e)]. By filing such a motion, the governmental unit effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party. Further, subsection (e) does not provide for dismissal of the governmental unit, so when the employee is dismissed under that provision, the suit then proceeds solely against the government, assuming immunity is otherwise waived.

*Id.,* ___ S.W.3d at ___, 2013 WL 4608867, at *6.

Yurttas first argues that, because she agreed to the University's plea to the jurisdiction, she no longer has claims "under this chapter" (the Tort Claims Act) against the University and subsection 101.106(e) is not triggered. But because the University's motion to dismiss was filed after the filing of Yurttas's first amended petition and before Yurttas's agreement to the plea to the jurisdiction, we must look to the first

amended petition to determine the applicability of subsection 101.106(e). *See Myers,* 360 S.W.3d at 58 n.4 (citing *Brown v. Xie,* 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.); and *Villasan v. O'Rourke,* 166 S.W.3d 752, 762 (Tex. App.—Beaumont 2005, pet. denied)); *see also Skoda v. Montague County,* No. 02-09-00362-CV, 2010 WL 3075718, at *2 (Tex. App.—Fort Worth Aug. 5, 2010, pet. denied) (mem. op.) ("Even if the plaintiff amends her petition after the governmental entity files a motion to dismiss, the amended petition does not moot the right created by the filing of a motion under section 101.106."). In her first amended petition, Yurttas asserted a defamation claim against the University, Pishko, and Anand. We thus disagree that subsection 101.106(e) was not triggered.

Yurttas next argues that subsection 101.106(e) does not require dismissal of her pending tort claims against Pishko and Anand because she has sued them in their individual capacities. But every court that has addressed this precise issue has held that subsection 101.106(e) applies when the governmental employee is sued in his individual capacity, and Yurttas cites no contrary authority. *See Tex. Bay Cherry Hill, L.P. v. City of Fort Worth,* 257 S.W.3d 379, 399-401 (Tex. App.—Fort Worth 2008, no pet.) ("whether a plaintiff sues a governmental employee in the employee's official or individual capacity is irrelevant under the applicable subsections of section 101.106 and because all tort theories alleged against a governmental unit are assumed to be claims under the Tort Claims Act for purposes of section 101.106. … [A] suit under the Tort Claims Act against a governmental unit bars a same-subject-matter suit against an employee in both the employee's official and individual capacities. We therefore hold

that Cherry Hill's assertion that it sued Haskin only in her individual capacity does not bar dismissal under subsection (e)."); *see also Myers,* 360 S.W.3d at 58-60; *Eby,* 2011 WL 1437002, at *6; *Skoda,* 2010 WL 3075718, at *2; *Cox v. City of Fort Worth,* 762 F.Supp.2d 926, 932-33 (N.D. Tex. 2010).

Accordingly, the trial court erred in denying the University's motion to dismiss Pishko and Anand. We sustain Appellants' two issues and reverse the trial court's order denying the University's motion to dismiss Pishko and Anand. We render judgment dismissing Pishko and Anand from the pending suit in the trial court and remand this case for further proceedings consistent with this opinion.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and rendered, and remanded
Opinion delivered and filed October 31, 2013
[CV06]