# IN THE SUPREME COURT OF TEXAS

════════════
No. 12-0830
════════════

TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES A/K/A BRENHAM
STATE SCHOOL, ANTHONY V. WATSON, DWANE B. HUBBARD, AND
ARETHA L. TURNER, PETITIONERS,

v.

MARY CANNON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF
PATRICK TATE DYESS, DECEASED, RESPONDENT

═══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════

**Argued September 16, 2014**

JUSTICE LEHRMANN delivered the opinion of the Court.

In conjunction with the Texas Tort Claims Act's limited waiver of governmental immunity, section 101.106 of the Act gives a measure of protection to government employees who are sued in tort for conduct within the scope of their employment. These employees are entitled to dismissal on proper motion, and the suit must proceed against the government or not at all. In this case, the plaintiff sued a governmental unit and several of its employees for negligence. In response, the unit filed a motion to dismiss its employees under subsection 101.106(e), which provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees

shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(e). Before the trial court ruled on the motion, the plaintiff filed an amended petition adding federal claims against the employees pursuant to 42 U.S.C. § 1983. Although such claims are not brought "under" the Tort Claims Act, the government argues that they are irrelevant to the subsection (e) motion because the employees' right to dismissal was perfected the moment the motion was filed. However, this position is supported by neither the Act's text nor its purpose. Subsection 101.106(e) of the Tort Claims Act does not contemplate dismissal of claims asserted independently of that Act. We hold that the trial court properly denied the motion to dismiss, and we affirm the court of appeals' judgment.

## I. Background

Mary Cannon's son, Patrick Tate Dyess, was a resident of Brenham State School,[1] a state-supported living center operated by the Texas Department of Aging and Disability Services (the Department). Anthony V. Watson, Dwane B. Hubbard,[2] and Aretha L. Turner (the Employees) were employed by the School. The case arises out of an incident that occurred on September 12, 2003, in which Dyess died after being physically restrained by the Employees.

According to the School's investigation report,[3] Dyess began engaging in disruptive behavior shortly before dinner on that day. Turner sat at a desk in the living room documenting his behavior

---

[1] Brenham State School has changed its name to Brenham State Supported Living Center.

[2] The record reflects several different spellings of Mr. Hubbard's first name. We have employed the spelling utilized in Mr. Hubbard's own pleadings.

[3] Because the case was dismissed at an early stage, the report is the only document in the record containing any detail about the underlying incident. We provide that detail for context, but express no opinion regarding the report's accuracy.

while other employees escorted Dyess to his bedroom. The report states that when Dyess returned to the living room, he attacked Turner, punching her in the mouth and then grabbing her blouse and her hair. Another employee, Randy Nunn, came to Turner's aid, and all three fell to the floor when Dyess tripped on a piece of furniture. Watson then placed Dyess in a physical hold while Hubbard and Turner restrained his legs. Eventually, Dyess stated that he had calmed down, and the Employees agreed to release him. However, when the Employees stood up, Dyess became nonresponsive. After Nunn checked Dyess's vital signs, Turner and Watson began to perform CPR while other workers called emergency services. Dyess later died, and his mother brought suit individually and on behalf of his estate.

Cannon sued both the Department and the Employees, alleging in her original petition that the Department was negligent in hiring, training, and supervising its employees and that the Employees negligently used excessive force to discipline Dyess. Following a protracted venue dispute resulting in the case's transfer from Grimes to Washington County, the Department filed a plea to the jurisdiction, asserting governmental immunity. The Department and the Employees also filed motions to dismiss the Employees pursuant to subsections 101.106(a) and (e) of the Texas Tort Claims Act.

While the motions to dismiss were pending, Cannon amended her petition to add claims under 42 U.S.C. § 1983 for violations of Dyess's Fourth and Fourteenth Amendment constitutional rights against both the Department and the Employees individually. In supplemental briefing on the motions to dismiss filed after Cannon amended her petition, the defendants focused solely on subsection (e) as a basis for the Employees' dismissal. Cannon subsequently agreed to dismiss all

3

common-law tort claims, and the trial court dismissed those claims with prejudice. With only section 1983 claims remaining against the defendants, the trial court denied the Department's plea to the jurisdiction and denied the motions to dismiss the Employees. The Department and the Employees filed an interlocutory appeal. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5), (8); *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 300–01 (Tex. 2011) (per curiam).[4]

The court of appeals reversed the trial court's order denying the Department's plea to the jurisdiction, holding that the Department's immunity from suit had not been waived.[5] 383 S.W.3d 571, 575–76. However, the court of appeals affirmed the trial court's order denying the motions to dismiss the Employees under subsection 101.106(e), remanding the case to the trial court for further proceedings on Cannon's section 1983 claims. The court of appeals disagreed with the Department's contention that the section 1983 claims were not properly "before the court" as a result of the Department's subsection (e) motion. *Id.* at 577–80. More specifically, the court of appeals rejected the Department's argument that, because subsection (e) provides that governmental employees shall be dismissed "immediately" upon the filing of the governmental unit's motion, the Employees were effectively dismissed at the time the motion was filed. *Id.* at 578. Instead, the court held that the Employees remained parties to the suit until the trial court signed an order dismissing them pursuant to subsection (e), permitting Cannon to amend her petition to assert the section 1983 claims. *Id.* at 578–80.

---

[4] Cannon argues that we should reconsider *Graham*'s holding that section 51.014 authorizes an interlocutory appeal of an order denying a subsection 101.106(e) motion. We decline to do so.

[5] Cannon does not challenge this portion of the court of appeals' judgment, and we do not address it.

4

The court of appeals did not address whether the Employees were entitled to dismissal under subsection 101.106(a),[6] noting that the defendants had not argued subsection (a) as a ground for dismissal of the section 1983 claims in the trial court. *Id.* at 577, 580. We granted the Department and the Employees' petition for review, which presents as its sole issue whether the trial court erred in denying the Department's motion to dismiss under subsection 101.106(e).[7]

## II. Analysis

### A. The Tort Claims Act and the Election-of-Remedies Provision

The Tort Claims Act, contained in chapter 101 of the Texas Civil Practice and Remedies Code, provides a limited waiver of immunity for tort suits against the government. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). The Legislature originally enacted section 101.106 of the Act, now entitled "Election of Remedies," in response to plaintiffs' attempts "to avoid the Act's damages cap or other strictures by suing governmental employees" rather than the governmental unit itself.[8] *Id.* at 656.

---

[6] Subsection (a) states: "The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106(a).

[7] The defendants do not address the denial of the Employees' separately filed motion to dismiss. Accordingly, neither do we, though we note that subsection (e) provides for dismissal upon "the filing of a motion *by the governmental unit*." TEX. CIV. PRAC. & REM. CODE § 101.106(e) (emphasis added); *see also Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013) ("By filing such a [subsection (e)] motion, the governmental unit effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party.").

[8] As originally enacted, section 101.106 was entitled "Employees Not Liable After Settlement or Judgment" and provided in its entirety:

A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or

5

The current version of the provision serves the additional purpose of easing the burden placed on governmental units and their employees in defending duplicative claims, in part by "favor[ing] the expedient dismissal of . . . employees when suit should have been brought against the government" under the Act. *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 355 (Tex. 2013). Subsections (e) and (f) of the statute provide mechanisms for the dismissal of these employees:

> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code § 101.106(e), (f). We have held that tort claims against the government are (or could be) brought "under this chapter" regardless of whether the Tort Claims Act waives immunity for those claims. *Franka v. Velasquez*, 332 S.W.3d 367, 379–80 (Tex. 2011); *Garcia*, 253 S.W.3d at 659 ("Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims

---

omission gave rise to the claim.

Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305 (amended 2003) (current version at Tex. Civ. Prac. & Rem. Code § 101.106).

Act]' for purposes of section 101.106."). However, claims asserted pursuant to independent statutory waivers of immunity are not brought "under" the Act. *Garcia*, 253 S.W.3d at 659.

### B. Application of Subsection 101.106(e)

The original petition in this suit, which was the live pleading at the time the Department filed its subsection (e) motion, asserted only state common-law tort theories of recovery against both the Department and the Employees for conduct within the scope of their employment. Cannon disputes neither that these claims were brought under the Tort Claims Act nor that subsection (e) mandated their dismissal.[9] TEX. CIV. PRAC. & REM. CODE § 101.106(e). But what effect, if any, did Cannon's subsequently filed amended petition asserting section 1983 claims against the Employees have on the merits of the motion?

In answering this question, we first revisit the scope of the phrase "under this chapter" in the Tort Claims Act's election-of-remedies provision. In *Garcia*, we held that a claim against the government under the Texas Commission on Human Rights Act (TCHRA) is not a suit filed under the Tort Claims Act, explaining that "the Tort Claims Act expressly provides that the remedies it authorizes 'are in addition to any other legal remedies,' and the TCHRA provides a statutory remedy for unlawful discrimination." 253 S.W.3d at 659 (quoting TEX. CIV. PRAC. & REM. CODE § 101.003). Similarly, section 1983 provides a statutory remedy to individuals whose constitutional rights are violated by state officials. *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007). Accordingly, the section 1983 claims Cannon asserts against the Employees in her

---

[9] As noted above, Cannon agreed to dismiss all tort claims before the trial court ruled on the Department's motion.

amended petition are not brought under the Tort Claims Act. *See Estate of Sorrells v. City of Dall.*, 45 F. App'x 325, 2002 WL 1899592, at *4 (5th Cir. July 10, 2002) (per curiam) (holding that former section 101.106 did not apply where only section 1983 claims had been litigated against the governmental unit because such claims are not "under" the Tort Claims Act). In turn, if Cannon's amended petition is the operative pleading, then the trial court properly denied the Department's motion, as subsection 101.106(e) does not contemplate or require dismissal of section 1983 claims against individual government employees, or any other claim not brought under the Tort Claims Act.[10]

The Department argues, however, that an amended pleading filed while a subsection (e) motion is pending may not be considered by the trial court in ruling on the motion. Relying heavily on subsection (e)'s inclusion of the word "immediately," the Department contends that "[e]ntitlement to a mandatory, immediate dismissal thus attaches" on the government's filing a subsection (e) motion. The Department therefore concludes that subsequent amendments to a plaintiff's petition cannot defeat that perfected right. The Department recognizes, however, that actual dismissal of government employees requires a court order premised on findings that (1) the plaintiff brought suit under the Tort Claims Act, and (2) the individual defendants are employees of the governmental unit.

---

[10] Although subsection (e) references the filing of a "suit" and dismissal of the "employees" rather than the filing and dismissal of particular claims, the propriety of dismissal must be evaluated on a claim-by-claim basis to give effect to the statute. *See Garcia*, 253 S.W.3d at 659 (explaining that, where both common-law tort claims and a TCHRA claim were asserted against the governmental unit, the "suit under the TCHRA" was "not 'a suit filed under this chapter' and would not come within subsection (e)'s purview" (quoting TEX. CIV. PRAC. & REM. CODE § 101.106(e))); *see also City of Arlington v. Randall*, 301 S.W.3d 896, 904–05 (Tex. App.—Fort Worth 2009, pet. denied) (holding that subsection (e) required the dismissal of claims against an employee for negligence and damages for alleged state constitutional violations, but did not require dismissal of a claim for a declaratory judgment for such violations); *Golden v. Austin Cnty. Sheriff's Dep't*, No. H–09–817, 2009 WL 1835448, at *5 (S.D. Tex. June 26, 2009) (holding that subsection (e) required the dismissal of tort claims against employees, but not section 1983 claims).

Cannon responds that, because court action is required to effectuate dismissal of government employees, nothing in subsection (e) precludes a plaintiff from amending her petition before that dismissal in accordance with applicable procedural rules. *See* TEX. R. CIV. P. 63 (allowing parties to amend their pleadings without leave of court more than seven days before trial so long as the amendment does not "operate as a surprise to the opposite party"). For the reasons discussed below, we hold that Cannon's interpretation of subsection (e) is the correct one.

The Department erroneously contends that *Austin State Hospital v. Graham*, 347 S.W.3d 298 (Tex. 2011), "dictates the outcome of this case" in its favor. In *Graham*, the plaintiff brought health care liability claims against a state hospital and two employee physicians. *Id.* at 299. The hospital filed a motion to dismiss the physicians under subsection (e), but, before the trial court signed a dismissal order, the plaintiff nonsuited his claims against the hospital. *Id.* The plaintiff argued that his nonsuit precluded the trial court from ruling on the hospital's subsection (e) motion. *Id.* We rejected that argument, holding that the hospital was entitled to a ruling on its subsection (e) motion notwithstanding the nonsuit. *Id.* at 301.

Importantly, we did not hold in *Graham* that a subsection (e) motion precludes consideration of all later-filed pleadings. Rather, the procedural rule governing nonsuits was central to *Graham*'s holding. Rule 162 provides that "[a] nonsuit cannot 'prejudice the right of an adverse party to be heard on a pending claim for affirmative relief.'" *Id.* (quoting TEX. R. CIV. P. 162). The hospital's subsection (e) motion qualified as such a claim, which could not be mooted by the plaintiff's nonsuit. But Rule 162 is not at issue in this case. Further, the disputed pleading here did not omit claims against the government in an attempt to preserve tort claims against employees that would otherwise

9

be subject to dismissal. Indeed, Cannon does not dispute that, by asserting common-law tort claims against both the Department and the Employees, she made an irrevocable election under subsection (e) to pursue those claims against the government only, even though the court of appeals ultimately determined that the government was immune from suit. *Garcia*, 253 S.W.3d at 657 (noting that section 101.106 requires the plaintiff to make an irrevocable election between "suing the governmental unit under the Tort Claims Act" if the employee acted within the scope of his employment "or proceeding against the employee alone" if he acted independently). But that election did not extend to section 1983 claims against the individual Employees that were *not* brought under the Tort Claims Act and thus were *not* otherwise subject to dismissal.[11] Unlike the Department, we see nothing in the language of subsection (e) or the Tort Claims Act as a whole that foreclosed Cannon from amending her petition to add these claims.[12]

To that end, we agree with the court of appeals that the Department places too much stock in subsection (e)'s inclusion of the word "immediately." The court of appeals concluded that such language indicates only that "dismissal by the trial court is mandatory, not discretionary, and [that] there are no further matters the court may entertain relative to the employees before it signs an order

---

[11] We express no opinion on the merits of the section 1983 claims.

[12] Several courts of appeals have held that "[s]ubsequent amended pleadings by the plaintiff filed after the government's filing of its [subsection (e)] motion to dismiss the employee do not moot the right created by the filing of the motion." *Villasan v. O'Rourke*, 166 S.W.3d 752, 758 (Tex. App.—Beaumont 2005, pet. denied); *see also Randall*, 301 S.W.3d at 903 (citing *Villasan* for the proposition that the government's filing of a subsection (e) motion "perfect[s] its statutory right to a dismissal of its employee" and that any later-filed amended petitions are irrelevant to the merits of the motion); *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (same). While the results of those cases are not necessarily inconsistent with *Graham* or this opinion, we disapprove of those decisions to the extent they hold that an amended petition filed while a subsection (e) motion is pending is never properly considered.

of dismissal." 383 S.W.3d at 578. A comparison of the provision to subsection (f) provides context for this conclusion. Subsection (f) may be invoked when a suit that could have been brought under the Act against a governmental unit is filed against the unit's employee based on conduct within the general scope of his employment. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f). Such a suit must be dismissed on the employee's motion "unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." *Id.* Subsection (e) has no similar grace period, which makes sense because a subsection (e) motion is proper only when the government is already a named party. *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013). But that does not translate to an absolute right to dismissal upon the motion's filing. Instead, a court order, along with certain findings, is required to effectuate dismissal.[13] Accordingly, we do not construe subsection (e) to conflict with our liberal procedural rules governing pleading amendments.

Considering subsection (e) in conjunction with the Tort Claims Act as a whole confirms this interpretation. The Act establishes when a "governmental unit in the state is liable" and in turn waives sovereign immunity to suit "to the extent of liability created by [the Act]." TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.025. The Act thus opens the door to government liability in certain tort actions, while the election-of-remedies provision narrows that opening. *See Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997) (describing former section 101.106 as an exception

---

[13] By contrast, a nonsuit is effective without a court order immediately when notice is filed or announced in open court. *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Hous. Sys.*, 255 S.W.3d 619, 632–33 (Tex. 2008) (holding that filing an amended petition that omits a previously asserted cause of action "effectively nonsuits or voluntarily dismisses the omitted claims," which "are effectively dismissed at the time the amended pleading is filed").

11

to the Tort Claims Act's waiver of immunity). The role of subsections (e) and (f) is to ensure that tort claims within the purview of the Act do not proceed against a government employee for conduct within the scope of his employment. *See Ngakoue*, 408 S.W.3d at 355. But those provisions simply do not apply to claims against the employee individually that are outside the Act's scope.

### C. Subsection 101.106(a)

The Department argues that this interpretation of the statute leads to an arbitrary result, asserting that if Cannon had originally sued only the Department in tort and then sought to amend her petition to allege section 1983 claims against newly added employees, subsection 101.106(a) would clearly bar those claims. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(a) ("The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter."). The Department contends that subsection (e) does not give a plaintiff flexibility to pursue claims against an employee where subsection (a) would not, merely because the plaintiff initially sued both the government and its employees rather than the government only.

Leaving aside that subsection (a) is not at issue in this case, we note that the Department's interpretation leads to a result that seems just as arbitrary. The Department's position is that the filing of a subsection (e) motion to dismiss perfects the employee's right to dismissal under that provision, implying that the trial court may consider an amended petition so long as it is filed before

12

the subsection (e) motion.[14]  In this case, Cannon filed her original petition on March 15, 2005.  The

Department filed its subsection (e) motion over four-and-a-half years later on October 21, 2009.

Under the Department's interpretation, subsection (e) would not have precluded the trial court from

considering a section 1983 claim filed the day before the subsection (e) motion, meaning a plaintiff

would still have greater flexibility under subsection (e) than subsection (a).

In any event, we need not and do not decide the outcome of a hypothetical set of facts under

a provision that is not before us.  Nor do we address or resolve the potential constitutional concerns,

which were not raised by the parties and were discussed only briefly at oral argument, that may arise

when state law poses a barrier to federal claims.[15]

### III. Conclusion

We hold that, when a governmental unit files a motion to dismiss under subsection

101.106(e), the plaintiff is not foreclosed from amending her petition in accordance with applicable

procedural rules to assert claims that are not brought under the Tort Claims Act.  We further hold

that such claims are properly before the court for its consideration in ruling on the subsection (e)

motion.  Because Cannon's section 1983 claims against the individual Employees are not brought

under the Tort Claims Act, subsection (e) does not mandate their dismissal.  Accordingly, we hold

---

[14] The Department does not expressly concede this point, stating merely that we need not decide the effect of a pre-motion amended pleading.  But its analysis of the language in subsection (e) would seem to mandate that result.

[15] A state court may decline to hear a federal cause of action only when (1) Congress expressly ousts state courts of jurisdiction, or (2) "[w]hen a state court refuses jurisdiction because of a neutral state rule regarding the administration of the courts." *Haywood v. Drown*, 556 U.S. 729, 735 (2009) (citation and internal quotation marks omitted).

that the trial court properly denied the Department's subsection (e) motion, and we affirm the court of appeals' judgment.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** January 9, 2015