

In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-01071-CV

————————————

**THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON, BELLA PATEL, M.D., F.C.C.P., RICHARD W. SMALLING, M.D. PHD, RACHSHUNDA MAJID, M.D., AND FRANCISCO FUENTES, M.D., Appellants**

**V.**

**TOMAS G. RIOS, M.D., Appellee**

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-23764**

## CONCURRING OPINION

Because Rios properly and timely amended his petition to nonsuit his tort

claims against the University of Texas Health Science Center at Houston ["UT

Health"], I believe that the trial court properly denied the Defendants' Amended Motion to Dismiss. Accordingly, I concur in the judgment.

On April 24, 2015, Rios sued UTHealth and four doctors ["the Physician Defendants"] in connection with the non-renewal of his fellowship appointment, alleging both breach of contract and tort claims. On July 15, 2015, UTHealth filed a Plea to the Jurisdiction and a Motion to Dismiss the Physician Defendants, asserting that, under TEX. CIV. PRAC. & REM. CODE § 101.106(e) (West 2011), when a plaintiff sues both a governmental unit and any of its employees under the Texas Tort Claims Act, the employees "shall immediately be dismissed on the filing of a motion by the governmental unit."

On July 24, 2015, before the trial court had ruled on UTHealth's Motion to Dismiss, Rios amended his petition. In his First Amended Petition, Rios nonsuited[1] his tort claims against UTHealth, proceeding against the governmental entity based only on a breach of contract claim. Rios asserted his tort claims against the Physician Defendants only, and included for the first time claims for violations of 42 U.S.C. § 1983.

---

[1] *See FKM P'Ship, Ltd. v. Bd. of Regents of Univ. of Hous. Sys.*, 255 S.W.3d 619 632—33 (Tex. 2008) (holding that filing an amended petition that omits a previously asserted cause of action "effectively nonsuits or voluntarily dismisses the omitted claims," which "are effectively dismissed at the time the amended pleading is filed.").

2

UTHealth did not stand on and obtain a ruling on its previously filed Motion to Dismiss. Instead, it canceled the July 27, 2015 submission date, and, on August 11, 2015, filed Defendants' Amended Plea to the Jurisdiction and Motion to Dismiss, which addressed the allegations in Rios's First Amended Petition, specifically "breach of contract against UTHealth, and tortious interference with an existing contract, tortious interference with future relationships, defamation and violation of his first amendment rights pursuant to 42 U.S.C. 1983 against the [Physician] Defendants." Again, UT Health and the Physician Defendants sought dismissal of the tort claims against the Physician Doctors pursuant to § 101.106(e).

The trial court granted the Defendants' Amended Plea to the Jurisdiction as to the breach of contract claim against UTHealth, but denied the Amended Motion to Dismiss the tort claims and the § 1983 claims against the Physician Defendants.

On appeal, the UT Health and Physician Defendants contend that the trial court erred in denying their Amended Motion to Dismiss, arguing that "Section 101.106(e) Prevents a Plaintiff from Amending His Petition to Preclude Dismissal of Tort Claims against [the Physician Defendants]." Specifically, the Defendants argue that "the Plain Text of Section 101.106(e) Makes Dismissal of Tort Claims Mandatory Upon the Filing of the Government's Motion."

The first issue is whether Section 101.106(e) *ever* permits a plaintiff to amend his or her petition. *Texas Department of Aging and Disability Services v.*

*Cannon*, 453 S.W.3d 411, 418 (Tex. 2015) answers this question in the affirmative and makes clear that the governmental entity's employees do not have "an absolute right to dismissal upon the [101.106(e)] motion's filing." As the supreme court notes "a court order, along with certain filings, is required to effectuate dismissal." *Id.* The supreme court agreed that nothing in subsection (e) precludes a plaintiff from amending her petition before that dismissal in accordance with applicable procedural rules. *Id.* at 417. Indeed, the supreme court disavowed several prior appeals court decisions that had held that amended pleadings filed after the government's subsection (e) motion could not moot the right created by the filing of the motion. *Id.* at n.12. In so holding, the supreme court stated, "we disapprove of those decisions to the extent they hold that an amended petition filed while a subsection (e) motion is pending is never properly considered." *Id.*

The more complicated question is whether the "applicable procedural rules," *id.* at 416, permit Rios's amendment under the specific facts and circumstances of this case. More specifically, was Rios's initial petition against both UTHealth and the Physician Defendants an "irrevocable election," *id.* at 417, to pursue the tort claims against UTHealth only, even though Rios amended his petition to omit tort claims against UTHealth *before* UTHealth filed its Amended Motion to Dismiss? I believe that *Cannon*, when considered with *Austin State Hosp. v. Graham*, 347 S.W.3d 298 (Tex. 2011), compels the conclusion that a plaintiff's amendment, if

4

filed *before* the governmental entity files a motion to dismiss its employees, is timely and not prohibited.

In *Graham*, the plaintiff brought tort claims against a state hospital and two of its employee doctors. *Id.* at 299. The hospital filed a subsection (e) motion to dismiss the doctors, but before the trial court signed an order dismissing the doctors, the plaintiff nonsuited his claims against the hospital. *Id.* On appeal to the supreme court, the plaintiff argued that his nonsuit precluded the trial court from ruling on the Hospital's motion to dismiss. *Id.* at 301. Citing Rule 162 of the Texas Rules of Civil Procedure,[2] the supreme court disagreed, holding that the plaintiff's nonsuit could not prejudice the Hospital's right to be heard on its "pending claim for affirmative relief," i.e., its motion to dismiss the employee doctors. *Graham*, 347 S.W.3d at 301.

In this case, had UTHealth and the Physician Defendants chosen to stand on their *first* Motion to Dismiss, *Graham* would have controlled and Rios's Amended Petition would have been filed too late to prejudice UTHealth's and the Physician Doctors' rights to seek a ruling on their previously filed section 101.106(e) Motion to Dismiss. That, however, is not what happened.

---

Rule 162 provides in part that "[a]ny dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief . . . ." TEX. R. CIV. P. 162 (West 2003).

5

Instead, after Rios amended his petition to nonsuit all tort claims against UTHealth, UTHealth and the Physician Defendants did not seek a ruling on their then-pending Motion to Dismiss. Instead, they filed Defendants' Amended Motion to Dismiss. As such, the Defendants' Amended Motion to Dismiss canceled and replaced its first Motion to Dismiss. *See* TEX. R. CIV. P. 65 (stating that "[u]nless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause . . . .").

Because the Defendants' *first* Motion to Dismiss ceased to exist once they amended it, there was no "pending claim for relief" when Rios amended his petition to nonsuit the tort claims against UTHealth. Thus, under the reasoning of *Graham*, Rios's Amended Petition, which was filed *before* the Defendants' Amended Motion to Dismiss—the motion from which this appeal arises—was timely. To hold otherwise under these facts would cause "subsection (e) to conflict with our liberal procedural rules governing pleading amendments." *See Cannon*, 453 S.W.3d at 418 (holding that absolute right to dismissal upon filing of 101.106(e) motion would conflict with liberal rules governing pleading amendments).

And, nothing in the language of subsection (e) compels the conclusion that a suit against the government and its employees is an "irrevocable election" to sue

6

the government, if and when the plaintiff amends to sue only the employees *before* a subsection (e) motion is filed.

The relevant portions of the statute provide:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unity regarding the same subject matter unless the governmental unit consents.
>
> . . . .
>
> (e)     If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE § 101.106(a), (b), (e).

Subsections (a) and (b) use the language "irrevocable election"; subsection (e) does not. Indeed, subsection (e) makes the dismissal of the employees mandatory upon on the filing of a motion by the governmental unit, not upon the filing of a suit against a governmental unit and its employees. We construe a statute's words according to their plain and common meaning unless they are statutorily defined otherwise, a different meaning is apparent from the context, or unless such a construction leads to absurd or nonsensical results. *See Tex. Lottery*

7

*Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). Determining legislative intent requires that we consider the statute as a whole, reading all its language in context, and not reading individual provisions in isolation. *See Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39, 51 (Tex. 2014). Because the Legislature used the words "irrevocable election" in subsections (a) and (b), and not subsection (e), and because subsection (e) hinges upon the filing of a motion by the government to obtain the dismissal of the employee defendants, I would interpret subsection (e) to allow a plaintiff to amend his petition to nonsuit claims against the government until the government files a motion to dismiss the claims against the employees.

I believe that, by filing an *Amended* Motion to Dismiss, UTHealth and the Physician Defendants have waived any right to complain about the trial court's refusal to grant their *first* Motion to Dismiss. And, because their Amended Motion to Dismiss was filed *after* Rios amended his petition, there was no "pending claim for relief" at the time the amended petition was filed. As such, Rios's amendment was timely under the reasoning of *Graham*.

For this reason, I would affirm the trial court's order denying the Amended Motion to Dismiss the Defendant Physicians.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Keyes.

Radack, C.J., concurring.

Keyes, J., dissenting.