# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00265-CV

**Charles N. Draper, Appellant**

**v.**

**Greg Guernsey, in his Capacity as Director of Planning and Development Watershed Protection Review Department; and City of Austin, Appellees**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
NO. D-1-GN-13-000778, HONORABLE GUS J. STRAUSS JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In a land-use dispute, Charles N. Draper, pro se, sued the City of Austin and one of its employees, Greg Guernsey, "in [Guernsey's] capacity as Director of Planning and Development Watershed Protection Review Department."[1] The City and Guernsey filed a motion to dismiss all claims against him, invoking subsections (a) and (e) of the Tort Claims Act's election-of-remedies provision, Section 101.106 of the Civil Practice and Remedies Code.[2] The district court granted the motion and dismissed "all claims and causes of action filed against [Guernsey] in this lawsuit."

---

[1] Appellees advise us that Guernsey's correct job title is "Director of the Planning and Development Review Department," but the salient point is that he is an employee of the City.

[2] Tex. Civ. Prac. & Rem. Code § 101.106(a), (e); *see id*. §§ 101.001-.109 (Texas Tort Claims Act).

Draper appeals this interlocutory order of dismissal.[3] While we affirm the district court's order in part, we must also reverse in part because it awards relief beyond that properly authorized under subsections (a) or (e) as they apply to this case.

Draper's claims for relief center on his efforts to develop a tract he owns in the Oak Hill area of Southwest Austin and the City's refusal thus far to recognize what Draper claims are rights "grandfathered," vis-a-vis Austin's current development restrictions, by Chapters 43 and 245 of the Local Government Code.[4] Draper seeks injunctive and declaratory relief to enforce

[3] Our appellate jurisdiction generally extends only to review of final judgments, *see Texas Dep't of Criminal Justice-Cmty. Justice Assistance Div. v. Campos*, 384 S.W.3d 810, 813 (Tex. 2012) (per curiam), but Draper's appeal of this interlocutory order of dismissal is authorized by paragraphs (5), (8), or both, of section 51.014, subsection (a), of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code § 51.014(a)(5) (authorizing appeal of interlocutory order denying "an assertion of immunity by an individual who is an officer or employee of . . . a political subdivision of the state"), (8) (authorizing appeal of interlocutory order that grants or denies jurisdictional challenge by a governmental unit); *see Texas Dep't of Aging & Disability Servs. v. Cannon*, ___ S.W.3d ___, No. 12-0830, 2015 Tex. LEXIS 2, at *5 (Tex. Jan. 9, 2015); *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 300-01 (Tex. 2011) (per curiam). Under either statutory ground, furthermore, Draper's appeal automatically stayed proceedings in the trial court, *see* Tex. Civ. Prac. & Rem. Code § 51.014(b), providing him the relief he has requested through a separate motion for stay. Accordingly, we dismiss Draper's stay motion as moot.

Draper also seeks reversal of a second interlocutory order that denied him a summary-judgment motion on his claims and ruled adversely to him on various related evidentiary issues; in fact, his appellate briefing focuses largely on this order and the perceived merits of his claims rather than issues relevant to the application of subsections (a) or (e). We lack jurisdiction to award him that relief in the context of this appeal. He also seeks "summary judgment" on appeal—i.e., reversal of the district court's orders—based on what he asserts is the untimeliness of appellees' brief. We deny the motion.

[4] *See* Tex. Loc. Gov't Code §§ 43.002 (grandfathering protections applicable in areas annexed by a municipality), 245.001-.007 (grandfathering protections applicable to land-use permitting by political subdivisions); *see also Harper Park Two, LP v. City of Austin*, 359 S.W.3d 247, 254-60 (Tex. App.—Austin 2011, pet. denied) (construing Chapter 245 and enforcing it against the City).

these asserted rights. As the appellees acknowledge, the Legislature has expressly waived the City's governmental immunity against Draper's declaratory and injunctive claims to enforce Chapter 245—in fact, it has provided that Chapter 245 "may be enforced *only* through mandamus or declaratory or injunctive relief."[5] Additionally, fairly construing the substance of his pleadings, Draper attempts to assert what are in the nature of "ultra-vires" claims seeking injunctive or declaratory relief to restrain other alleged statutory violations by the City.[6] We observe—as it will become relevant to our analysis—that the proper defendant to an ultra-vires claim seeking to restrain allegedly unlawful actions by the City would be Guernsey or some other appropriate City officer, in his or her official capacity, not the City itself.[7]

Draper also seeks monetary damages—a total exceeding $10 million, in fact. His specific theories include "fraudulent misrepresentation" by Guernsey and other City staff in their decisions regarding Draper's development rights. He also complains of the impending foreclosure of his house due to his inability to develop his tract, not to mention purported threats, vandalism, burglaries, and even the beating of his dogs by "opposing political interests" in retaliation for his efforts to do so. Finally, Draper also complains of "perjury" and "breach of contract" by appellees' counsel, citing what he terms "false statements" by counsel in seeking a continuance.

---

We derive our summary of Draper's factual allegations from his live petition, construed liberally and in favor of jurisdiction. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004).

[5] Tex. Loc. Gov't Code § 245.006 (emphasis added).

[6] *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 370-72 (Tex. 2009).

[7] *See id*. at 372-73.

3

The grounds for dismissal raised by appellees' motion and made the basis for the district court's order were confined solely to subsections (a) and (e) of Section 101.106. Subsection (a) provides:

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.[8]

Subsection (e), in turn, states:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.[9]

The Texas Supreme Court has provided the following pertinent guidance for our application of these provisions:

- Although both provisions refer to "*a suit* under this chapter," "the propriety of dismissal must be evaluated on a claim-by-claim basis to give effect to the statute."[10]

- A claim "under this chapter" refers to one sounding in tort, regardless of whether or not the plaintiff actually purports to assert it under the Tort Claims Act or could ultimately recover via that statute.[11]

---

[8] Tex. Civ. Prac. & Rem. Code § 101.106(a).

[9] *Id*. § 101.106(e).

[10] *Cannon*, 2015 Tex. LEXIS 2, at *11 n.10 (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)).

[11] *See id*. at *9 (citing *Franka v. Velasquez*, 332 S.W.3d 367, 379-80 (Tex. 2011)).

- However, claims that seek remedies independent of the Tort Claims Act are not "under the Act" and are not subject to the above dismissal mechanisms.[12] This is consistent with Section 101.106's role within the Act as a whole—as the supreme court has observed, "[t]he Act . . . opens the door to governmental liability in certain tort actions, while [Section 101.106] narrows that opening."[13]

- The references to "employee" or "employees" in both subsections (a) and (e) denote persons sued in their *individual* capacities—i.e., the plaintiff seeks to impose liability upon them personally. Such a claim stands in contrast to one asserted against a governmental employee in his or her *official* capacity, which in the context of tort or other damages claims is "in all but name only" a claim seeking recovery from the governmental employer.[14]

The bulk of Draper's arguments are either inconsistent with these holdings or simply inapposite under them, focusing largely on disputing whether the City enjoys governmental immunity against his claims or Guernsey *official* immunity against them. But appellees—in addition to urging that we dismiss Draper's pro se appeal based solely on technical violations of the briefing rules—also overlook some of these important qualifications and limitations on subsections (a) and (e)'s application, including the analytical significance of the distinction between claims asserted against Guernsey in his individual versus official capacities.

The effect of subsection (e), as the supreme court has construed it, is merely that Draper's assertions of *tort* claims against the City—not his claims founded on immunity waivers independent from the Tort Claims Act or other non-tort theories—require dismissal of those same tort claims to the extent Draper asserts them against Guernsey *individually*. His misplaced arguments about official immunity notwithstanding, it is unclear whether Draper's tort claims

---

[12] *See id*. at \*10-11 & n.10, \*14-15.

[13] *See id*. at \*17-18.

[14] *See Texas Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 356-57 (Tex. 2013).

5

actually are intended to seek recovery from Guernsey individually, as opposed to a recovery from the City based on Guernsey's allegedly wrongful acts. Draper, again, purported to sue Guernsey "in his capacity" as a City employee, suggesting an official-capacity suit, and his allegations complain entirely of alleged acts or omissions by Guernsey while performing his job duties. But to the extent Draper's pleadings could be construed to assert his tort claims against Guernsey individually, dismissal of those claims would clearly be mandated under subsection (e).

Similarly, subsection (a) means that the tort claims Draper has asserted against the City "constitute[] an irrevocable election by [Draper] and immediately and forever bars any suit or recovery by [him]" against Guernsey *individually* "regarding the same subject matter." To the extent the district court's order refers to any claims of this sort that Draper has actually asserted or might someday assert, it appropriately dismissed them.

The district court, however, dismissed "all claims and causes of action filed against [Guernsey] in this lawsuit," which would facially extend also to any claims Draper asserts against Guernsey in his official capacity. Neither subsection (a) nor (e) authorizes this relief,[15] but any error would be harmless with respect to most of Draper's claims, inasmuch as his assertion of the same claim against both the City and Guernsey in his official capacity would generally amount merely to a duplicative pleading for the same relief against the same defendant.[16] However, this is

---

[15] *Cf.* Tex. Civ. Prac. & Rem. Code § 101.106(f) (providing for substitution of governmental entity for employee defendant under circumstances where claim is "considered to be against the employee in the employee's official capacity only").

[16] *See Ngakoue*, 408 S.W.3d at 356-57; *cf. Texas Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 750 (Tex. App.—Austin 2014, pet. filed) (suggesting for these reasons that any error in failing to dismiss official-capacity defendant sued alongside governmental defendant is harmless where Legislature has waived the government's immunity).

not true of Draper's ultra-vires claims, which, while seeking to bind the City, must formally be asserted against Guernsey in his official capacity rather than against the City itself.[17]  In purporting to dismiss Draper's ultra-vires claims—and in the absence of any other jurisdictional bar to these claims demonstrated by the City or apparent from the record—the district court reversibly erred.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed in part; Reversed in part

Filed:   February 25, 2015

---

[17] *See Heinrich*, 284 S.W.3d at 372-73.

7