**Opinion issued September 1, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-01071-CV

————————————

**THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON, BELLA PATEL, M.D., F.C.C.P., RICHARD W. SMALLING, M.D. PH.D., RACHSHUNDA MAJID, M.D., AND FRANCISCO FUENTES, M.D., Appellants**

**V.**

**TOMAS G. RIOS, M.D., Appellee**

On Appeal from the 165th District Court
Harris County, Texas
Trial Court Case No. 2015-23764

## DISSENTING OPINION

I respectfully dissent.   I disagree with the majority's refusal to dismiss

appellee Tomas G. Rios's suit against appellants Bella Patel, M.D., F.C.C.P.,

Richard W. Smalling, M.D., Ph.D., Rachshunda Majid, M.D., and Francisco Fuentes, M.D. (the "Physician Defendants"), employees of appellant the University of Texas Health Science Center at Houston ("UTHSC"), on sovereign immunity grounds. I would dismiss this suit under the election of remedies provision of the Texas Tort Claims Act ("TTCA"), Texas Civil Practice and Remedies Code section 101.106(e), which provides, "If a suit is filed under [the Tort Claims Act] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (Vernon 2011).

The majority holds that UTHSC failed to produce evidence of the jurisdictional fact that the Physician Defendants were employees of UTHSC, an undisputed governmental entity, and affirms the trial court's denial of UTHSC's motion to dismiss the Physician Defendants. It does not address the central issue on appeal—whether the trial court erred in permitting Rios to amend his Original Petition and thereby avoid dismissal of his claims against the Physician Defendants under section 101.106(e). I disagree with the decision of the majority to decide this case on an evidentiary issue not raised in the trial court—and refuted by the jurisdictional pleadings and evidence—and to ignore the critical central issue in the case.

2

In his Original Petition, Rios sued UTHSC and the Physician Defendants for torts he alleged UTHSC committed through the Physician Defendants. He also asserted a contract claim against UTHSC. While UTHSC's motion to dismiss the Physician Defendants under the election of remedies provisions in section 101.106 was pending, Rios amended his pleadings. He retained his contract claim against UTHSC in his Amended Petition, but he dropped his tort claims against UTHSC while retaining the same tort claims he had alleged against the Physician Defendants in his Original Petition. He also added a claim under Title 42, section 1983 of the United States Code against the Physician Defendants based on the exact same allegedly tortious acts of those defendants.

In my view, the majority improperly diverts this case away from the critical legal issue pled by UTHSC on appeal and follows a red herring by holding that UTHSC had the burden of proving that the Physician Defendants were its employees and affirming the case on this ground. It thus ignores the central issue in this case— whether Rios had the right to amend his pleadings as he did and thereby to avoid dismissal of his suit against the Physician Defendants. I would first respond to the majority's holdings on its merits. I would hold that the majority's conclusion that UTHSC had the burden of proving that the Physician Defendants were its employees in order to obtain dismissal of the Physician Defendants under section 101.106(e) of the Tort Claims Act is incorrect under the facts of this case, where the pleadings of

3

both parties characterized the Physician Defendants as employees of UTHSC, the status of these defendants as employees of UTHSC was uncontested by either party in the trial court, and UTHSC nevertheless produced evidence showing that the Physician Defendants were its faculty members in the same Program that employed Rios.

I would then address UTHSC's central issue on appeal, and I would hold that the trial court erred by allowing Rios to maintain his claims against the Physician Defendants in his Amended Petition. I would hold that Rios was barred by the plain language of section 101.106(a) from amending his pleadings as he did and that his suit against the Physician Defendants must be dismissed under the election of remedies provision in section 101.106(e). I would, therefore, reverse the judgment of the trial court denying UTHSC's motion to dismiss Rios's suit against the Physician Defendants under section 101.106(e) for lack of subject-matter jurisdiction. And I would dismiss Rios's suit against the Physician Defendants with prejudice.

## Texas Tort Claims Act

In their sole issue, UTHSC and the Physician Defendants argue that the trial court was compelled to dismiss the Physician Defendants from the suit under section 101.106(e) of the Tort Claims Act.

4

## A. Dismissal for Lack of Subject Matter Jurisdiction Under Section 101.106(e)

Section 101.106 provides, in relevant part,

> (a)  The filing of a suit under this chapter against a governmental unit *constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter*.
>
> . . . .
>
> (e)  If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees *shall immediately be dismissed on the filing of a motion by the governmental unit*.
>
> (f)  If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only . . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a), (e), (f) (emphasis added).

A motion to dismiss under section 101.106 raises the issue of sovereign immunity. *See Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011) (stating that Section 101.106 confers immunity in some instances on employees of governmental units); *Fink v. Anderson*, 477 S.W.3d 460, 465 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (same). "Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Fink*, 477 S.W.3d at 465 (noting that although we generally review

5

order on motion to dismiss for abuse of discretion, proper standard of review is determined by substance of issue to be reviewed, not caption of motion). Whether the court has subject-matter jurisdiction is a question of law that we review de novo. *Miranda*, 133 S.W.3d at 226; *Fink*, 477 S.W.3d at 465.

We may not presume subject-matter jurisdiction; rather, "the burden is on the *plaintiff*[] to allege facts affirmatively demonstrating the trial court's subject-matter jurisdiction over the case." *Fink*, 477 S.W.3d at 465 (emphasis added). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. . . . If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff[] an opportunity to amend." *Miranda*, 133 S.W.3d at 226–27; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). "However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised." *Miranda*, 133 S.W.3d at 227.

1. **Rios's Claim that UTHSC Had the Burden to Prove the Physician Defendants Were Its Employees to Obtain Their Dismissal Under Section 101.106(e) of the Tort Claims Act**

UTHSC and the Physician Defendants argue that the trial court erred in refusing to grant UTHSC's motion seeking dismissal of its employees, the Physician

6

Defendants, under section 101.106 of the Tort Claims Act. In response, Rios claims that there are "genuine issues of material fact concerning whether the Doctor Defendants are 'employees' under section 101.001(5) and covered under section 101.106(e)," and therefore there is a genuine fact issue as to whether the Tort Claims Act applies to his claims against them. If the Act applies, Rios asks whether the trial court properly denied UTHSC's Amended Plea to the Jurisdiction. He states, "Appellants have proffered no evidence to both the appellate and trial court to prove that the Doctor Defendants were actually employed by UT Health at the time that Appellee's claims arose, and not independent contractors." He contends, "If the Doctor Defendants were not employees of a government unit, Texas Civil Practice and Remedies Code § 101.106 is not applicable." This entire argument is a red herring.

At no point in the trial court did Rios allege in his pleadings that the Physician Defendants were not employees of UTHSC or plead that they were independent contractors. In his Original Petition, Rios alleged that UTHSC breached its employment contract with him. He further pled that UTHSC "*separately, and through* Dr. Smalling, Dr. Majid, and Dr. Patel willfully and intentionally interfered with [his] contract by making false statements about Dr. Rios"; that UTHSC "*separately, and through* Dr. Smalling, Dr. Majid, Dr. Patel, and Dr. Fuentes individually, intentionally interfered with [his] relationship by submitting false

7

information to the Texas Medical Board"; and "Defendants published a statement of fact to the Texas Medical Board on or about June 23, 2014." (Emphasis added.)

UTHSC immediately filed a Plea to the Jurisdiction and Motion to Dismiss the Physician Defendants under section 101.106(e). But, before the trial court ruled on UTHSC's motion, Rios filed a First Amended Petition. In that Amended Petition, Rios dropped his claim that UTHSC had committed torts against him through the Physician Defendants. Instead, he pled that "UT Health Science Center is a local government entity under section 276.112 of the Texas Local Government Code," and he reasserted his contract claim against UTHSC. He made the *exact same factual allegations* supporting the *exact same tort claims* against the Physician Defendants that he had alleged in his Original Petition, claiming that the Physician Defendants had committed torts against him by publishing a defamatory statement of fact about him to the Texas Medical Board and by making false statements that led to his employment contract's termination. And he added federal section 1983 claims against the Physician Defendants on the *exact same basis*.

UTHSC responded to Rios's Original Petition with an Amended Plea to the Jurisdiction and Motion to Dismiss filed on behalf of itself and the Physician Defendants. In it, UTHSC identified the Physician Defendants as members of its faculty and its Program Director for the Cardiovascular Disease Training program to which Rios had been appointed for a one-year term that was not renewed,

prompting his suit against his employer—UTHSC. UTHSC identified the University of Texas System Medical Foundation, the administrator of the UTHealth Training Programs for all University of Texas health systems, as both Rios's and the Physician Defendants' direct employer. In addition, it produced as an exhibit Rios's employment termination notice from UTHSC dated April 29, 2014. This exhibit is a letter on UTHSC Medical School Department of Internal Medicine Division of Cardiology and Hyperbaric Medicine letterhead addressed to Rios signed by Physician Defendant Francisco Fuentes, M.D., Program Director; and it expressly refers to Rios's deficiencies in participating in the Cardiovascular Diseases Fellowship Training Program. These statements included expressions of concern regarding Rios's progress in the program received from Physician Defendants Drs. Smalling and Patel.

Rios did not challenge in the trial court any of the jurisdictional allegations and exhibits showing that the Physician Defendants were all members of the UTHSC faculty and that they all made the representations evaluating Rios's performance about which he complains in their capacity as faculty members and as Director of the Program that employed him and failed to renew his contract at UTHSC. Only in his response to UTHSC's Amended Motion to Dismiss, filed in response to Rios's Amended Petition, did Rios raise the question of whether the Physician Defendants were *really* UTHSC employees, without challenging either UTHSC's pleadings or

9

its evidence. He merely stated, "Assuming *arguendo* that the Doctor Defendants are employees of UT Health (since discovery may reveal a contractor status), the inquiry then moves toward whether the Doctor Defendants were acting within the scope of their employment." At no point did Rios allege as a jurisdictional *fact* that the Physician Defendants were not employees of UTHSC. And, indeed, not only would any such allegation contradict the legal basis of his own pleadings, it would also contradict UTHSC's allegations (and evidence) that UTHSC is a governmental entity and that the torts of which Rios complains were alleged torts of the Physician Defendants acting as Program Director and faculty members of the UTHSC program by which he too was employed.

Only in his *appellate* brief did Rios specifically assert that UTHSC had the burden of proving *in the trial court* that the Physician Defendants were its employees. He ignored the fact that the *plaintiff*—not the defendant—has the burden of alleging facts in the trial court sufficient to procure jurisdiction and that the only facts either he or UTHSC alleged in the trial court asserted jurisdiction over the Physician Defendants under the Tort Claims Act, which applies *only* to governmental entities and their employees. *See Miranda*, 133 S.W.3d at 224; *Fink*, 477 S.W.3d at 465 (burden is on plaintiff to allege facts affirmatively demonstrating trial court's subject-matter jurisdiction over case). In his Amended Petition, Rios did add a claim against the Physician Defendants under 42 U.S.C. section 1983.

10

However, section 1983 applies only to *governmental actors* acting under color of state law. *See* 42 U.S.C.A. § 1983; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929, 102 S. Ct. 2744, 2749 (1982) ("[I]n a § 1983 action brought against a state official, the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical."). And Rios himself had pled that UTHSC was a governmental entity. Rios could not both bring his section 1983 claims against the Physician Defendants as state actors and simultaneously allege that they were *not* employees of the governmental entity he had sued.

Moreover, Rios made no factual allegation until his appellate brief that the Physician Defendants were independent contractors and that UTHSC was required to produce evidence in the trial court to show that they were its employees. Nor, of course, did he provide any evidentiary support for his claim—which contradicted UTHSC's evidence in the trial court as well as both parties' pleadings in that court. Rios's factually incorrect claim that UTHSC failed to produce evidence that the Physician Defendants were its employees could not properly be alleged for the first time at the appellate level, as it would require UTHSC to have produced evidence on a non-issue in the trial court—whether the Physician Defendants were or were not employees of a governmental entity, UTHSC. *See Miranda*, 133 S.W.3d at 227 ("[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we

11

consider relevant evidence submitted by the parties *when necessary to resolve the jurisdictional issues raised . . . .*") (emphasis added).

The majority, however, disregards both the pleadings and the evidence that the Physician Defendants were employees of UTHSC, as Rios himself was. It holds, nevertheless, that a section 101.106(e) defendant must produce evidentiary proof of the *unchallenged* jurisdictional facts alleged by both sides in the trial court demonstrating that the Physician Defendants were employees of UTHSC to be entitled to dismissal of those employees from Rios's suit under section 101.106(e). It observes that "[t]he Texas Supreme Court has held that, in a plea to the jurisdiction for a party claiming governmental immunity, the party filing the plea bears the initial burden of establishing that it is a governmental entity." Slip Op. at 6 (citing *Lubbock Cty. Water Control & Improvement Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 305 (Tex. 2014), and *Fink*, 447 S.W.3d at 465–66 (applying subsection 101.106(f)). That is true, but irrelevant, as it is undisputed that UTHSC is a governmental entity, and Rios expressly pled that it was.

What *Miranda* actually says is that "[w]hen a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. "However, if a plea to the jurisdiction *challenges the existence of jurisdictional facts*, we consider relevant evidence submitted by the parties when

necessary to resolve the jurisdictional issues raised." *Id.* at 227 (emphasis added). Here, UTHSC did not have to challenge the jurisdictional facts set out by Rios, as Rios plainly filed his tort suit against a governmental unit and its employees—the jurisdictional facts necessary to bring the case within the subject-matter jurisdiction of the district court under the Tort Claims Act.

The cases cited by the majority do not hold to the contrary. *Lubbock County Water Control*, relied upon by the majority, deals with an entirely different set of circumstances, namely those in which a plaintiff sues a governmental entity in contract and seeks waiver of immunity for a suit in *contract*. This issue is irrelevant to whether the *Tort Claims Act* waived immunity to Rios's *tort* claims alleged against the Physician Defendants. *Lubbock County Water Control* was not a tort case, like the instant case, for which waiver of governmental immunity must be found in the Tort Claims Act. It was a suit brought against the Lubbock County Water Control and Improvement District, an undisputed governmental entity, under Local Government Code section 271.151, which provides a limited waiver of immunity of its own for local governmental entities that enter into certain contracts. *Lubbock Cty. Water Control*, 442 S.W.3d at 300, 305. And, in *Lubbock County Water Control* the jurisdictional facts necessary to provide waiver of immunity, hence to bring the suit within the jurisdiction of the district court, *were* in dispute.

13

As the Texas Supreme Court stated in *Lubbock County Water Control*, the principal issue on appeal was "whether the parties' contract includes an 'agreement for providing goods or services to the [Water District].'" *Id.* at 301. The determination whether the contract was of a type that would entitle the Water District to governmental immunity under Local Government Code section 271.151(2)(A), and thus make it immune from suit, required evidence; whether the Water District was a governmental entity, being an undisputed jurisdictional fact, did not. *See id.* at 301–02. There is no relationship between the facts and law in *Lubbock County Water Control* and the facts and law involved in this case.

The majority also cites *Fink,* a case from this Court, as support for its claim that an individual who seeks dismissal on sovereign immunity grounds from a suit filed against a governmental entity as well as himself is required to produce evidentiary proof that he is an employee of that governmental entity. *Fink*, in fact, supports exactly the *opposite* conclusion. In *Fink*, unlike this case, suit was not brought against Fink's undisputed governmental employer, the University of Texas, but against Fink alone, a situation covered by section 101.106(f) of the TTCA, which is not at issue in this case. *See Fink*, 447 S.W.3d at 462. The issue on appeal from denial of dismissal under section 101.106(f) was whether representations made by Professor Manfred Fink, an undisputed employee of the University of Texas, regarding a technology he had developed whose patent was held by the university,

14

were within the course and scope of Fink's employment and thus should have been brought under the Tort Claims Act against the university and not against Fink personally. *See id.* at 462–63. As it was "*undisputed* that the University of Texas is a governmental unit and that it was [the defendant] Fink's employer at the relevant time," this Court took those undisputed facts to be established as a matter of law and "turn[ed] to whether Fink ha[d] established the two remaining statutory requirements for dismissal under Section 101.106(f)," namely, whether his remarks were within the scope of his employment and whether suit could have brought against the university under the Tort Claims Act. *Id.* at 466 (emphasis added). Those requirements are inapplicable to suits for dismissal under section 101.106(e).

It is simply error for the majority to cite either *Lubbock County Water Control* or *Fink* as authority for the proposition that, to obtain dismissal under section 101.106(e), a governmental entity seeking dismissal of its employees has the evidentiary burden of proving the unchallenged jurisdictional fact that they are indeed its employees. I would hold, contrary to the majority, that the trial court plainly erred to the extent that it requires UTHSC to provide evidentiary proof that the Physician Defendants were its employees to be entitled to dismissal under section 101.106(e). Thus, the majority errs by entertaining Rios's argument and affirming the case.

15

## 2. Rios's Right to Replead His Claims in an Amended Petition After UTHSC's Filing of a Section 101.106 Motion to Dismiss

Because it holds that UTHSC and the Physician Defendants did not meet their evidentiary burden to prove the employee status of the Physician Defendants, the majority does not address the critical issue raised by UTHSC's appeal, which is whether Rios could properly amend his petition to replead his claims after UTHSC filed a motion to dismiss under section 101.106(e). I would address this issue, and I would decide it adversely to Rios.

Immediately after Rios filed his Original Petition alleging breach of contract against UTHSC and tort claims against UTHSC "separately and through" the Physician Defendants, UTHSC filed its motion to dismiss the Physician Defendants under section 101.106(e). But before the trial court ruled on UTHSC's section 101.106(e) motion to dismiss, Rios filed his First Amended Petition. In his Amended Petition, Rios maintained his contract claim but dropped his tort claims against UTHSC. He reasserted his common-law tort claims solely against the Physician Defendants in the exact same language he had used in his Original Petition, and he added a federal section 1983 claim against the Physician Defendants based on the exact same conduct. In response, UTHSC filed its Amended Motion to Dismiss under section 101.106(e).

Under section 101.106(a) of the Tort Claims Act, "[t]he *filing of a suit* under this chapter against a governmental unit constitutes an irrevocable election by the

plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a) (emphasis added). The suit filed by Rios was unambiguously a suit against a governmental unit that barred any recovery against any of its employees. Once that suit was filed, naming both UTHSC and its employees, the Physician Defendants, UTHSC was entitled to immediate dismissal of its employees under the plain language of section 101.106(e). *Id.* § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.").

The purpose of section 101.106(e) is clear. The TTCA "provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages," and the Act includes an election of remedies provision— section 101.106—to prevent plaintiffs' attempts "to avoid the Act's damages cap or other strictures by suing governmental employees." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655–56 (Tex. 2008). Section 101.106's purpose is thus "to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable . . . ." *Id.* at 657. This provision therefore "favors the expedient dismissal of governmental

17

employees when suit should have been brought against the government." *Tex. Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 355 (Tex. 2013); *Garcia*, 253 S.W.3d at 657 ("[The TTCA's] election scheme is intended to protect governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer.").

Because the TTCA "is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be '*under [the Tort Claims Act]*' for purposes of section 101.106." *Garcia*, 253 S.W.3d at 659 (quoting *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997)) (emphasis added). That is the case here. By contrast, claims against the government that are brought pursuant to waivers of sovereign immunity existing *apart from the TTCA*, are not brought "under [the Tort Claims Act]," and thus the election of remedies provision does not apply. *Id.* That was the case, for example, in *Lubbock County Water Control*. But it is not the case here.

As the Texas Supreme Court has stated, section 101.106 of the Tort Claims Act expressly provides for the dismissal of the employees of a governmental unit on proper motion so that "the suit must proceed against the government or not at all." *Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 412 (Tex. 2015); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a), (e). It thus provides

18

certain defendants—"government employees who are sued in tort for conduct within the scope of their employment"—protection against the limited waiver of governmental immunity by the TTCA. *Cannon*, 468 S.W.3d at 412. Under section 101.106, "by asserting common-law tort claims against both the [government] and the [e]mployees, [the plaintiff] ma[kes] an irrevocable election under subsection (e) to pursue those claims against the government only." *Id.* at 417; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a), (e).

I would hold that, under the plain language of section 101.106 and under *Cannon*, Rios was barred by the exclusive election provision in section 101.106(e) from amending his petition to drop his tort claims against UTHSC while reasserting his contract action against it. And he was barred from reasserting his claims against the Physician Defendants as both common-law tort claims and a section 1983 claim based on the exact same acts and seeking the exact same damages he had sought in his tort claims in his Original Petition. To allow such pleading is to contravene the express purpose of section 101.106 and is therefore improper. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a), (e); TEX. GOV'T CODE ANN. § 311.021 (2)–(3) (Vernon 2013) (providing that, in enacting statute, it is presumed that entire statute is intended to be effective and that "a just and reasonable result is intended"); *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008) (holding same).

19

Rios, however, relies upon *Cannon* as authority for filing his Amended Petition and treating his Original Petition as a nullity. Therefore, it is necessary to examine that case in some detail. In *Cannon*, the Texas Supreme Court considered the issue presented by this case: whether a trial court could accept an amended petition filed by a plaintiff who had initially asserted only tort claims subject to the TTCA against both a governmental employer and its employees *after* the defendant governmental entity and its employees had filed a motion to dismiss under section 101.106(e) and *before* the trial court ruled on the motion to dismiss. In *Cannon*, the plaintiff sued both the Texas Department of Aging and Disability Services ("the Department") and three of its employees, raising claims of negligent hiring, training, and supervision against the Department and negligent use of excessive force against the individual employees, all torts. *Cannon*, 468 S.W.3d at 413. The Department and the employees filed both a plea to the jurisdiction and a motion to dismiss under section 101.106(a) and (e). *Id.* As here, before the trial court ruled on the motion to dismiss, Cannon amended her petition to add federal claims under section 1983 of the United States Code against both the Department and the employees. She then agreed to dismiss all of her common-law tort claims, leaving only her federal section 1983 claims remaining. *Id.* The trial court denied the Department's plea to the jurisdiction and denied its motion to dismiss the employees. *Id.*

20

Relying on the language in subsection 101.106(e) requiring "immediate" dismissal of the employees upon the filing of a motion by the governmental entity, the Department argued on appeal that the trial court should not have considered Cannon's amended petition, which was filed while its section 101.106(e) motion to dismiss was pending. *Id.* at 416. Cannon, on the other hand, argued that "because court action is required to effectuate dismissal of government employees, nothing in subsection (e) precludes a plaintiff from amending her petition before that dismissal in accordance with applicable procedural rules." *Id.*

The Texas Supreme Court agreed with Cannon's interpretation of section 101.106(e) *under the circumstances of that case*. *Id.* The supreme court first noted that section 1983 "provides a statutory remedy to individuals whose *constitutional* rights are violated by state officials," and, as such, Cannon's section 1983 claims in her amended petition were federal statutory and constitutional claims not "brought under the Tort Claims Act." *Id.* (emphasis added). The court also held that, despite the language of section 101.106(e) stating that "the employees shall immediately be dismissed on the filing of a motion by the governmental unit," that language "does not translate to an absolute right to dismissal upon the motion's filing" because "a court order, along with certain findings, is required to effectuate dismissal." *Id.* at 418. The court thus concluded that section 101.106(e) does not "conflict with our liberal procedural rules governing pleading amendments," and it held that "when a

21

governmental unit files a motion to dismiss under subsection 101.106(e), the plaintiff is not foreclosed from amending her petition in accordance with applicable procedural rules to assert claims that are not brought under the Tort Claims Act." *Id.* at 418, 419.

In reaching this holding, however, the Texas Supreme Court specifically noted that Cannon's amended petition "did not omit claims against the government in an attempt to preserve tort claims against employees that would otherwise be subject to dismissal." *Id.* at 417. Indeed, Cannon did "not dispute that, by asserting common-law tort claims against both the Department and the Employees, she made an irrevocable election under subsection (e) to pursue those claims against the government only, even though the court of appeals ultimately determined that the government was immune from suit." *Id.* The court concluded, however, that Cannon's irrevocable election did not extend to her section 1983 claims against the employees, as those claims "were *not* brought under the Tort Claims Act and thus were *not* otherwise subject to dismissal." *Id.* (emphasis in original).

The posture of the pleadings in *Cannon* is exactly the opposite of this case. In amending his petition before the trial court could dismiss his claim pursuant to section 101.106(e), Rios did *not* elect to continue to pursue his tort claim solely against the governmental entity, UTHSC. He did the opposite. He elected to *drop* his tort claim against UTHSC and to continue to pursue it solely against UTHSC's

*employees*—in direct violation of the plain language and intent of section 101.106(e). *See Ngakoue*, 408 S.W.3d 350, 355 (Tex. 2013) (stating that section 101.106 "favors the expedient dismissal of governmental employees when suit should have been brought against the government"); *Garcia*, 253 S.W.3d at 657 ("[The TTCA's] election scheme is intended to protect governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer."). And Rios *did "*omit claims against the government in an attempt to preserve tort claims against employees that would otherwise be subject to dismissal," again putting himself exactly at odds with *Cannon*. *See* 453 S.W.3d at 417.

Disregarding *Cannon*'s warnings, Rios points out that the Texas Rules of Civil Procedure permit amendments of pleadings that do not "operate as a surprise to the opposite party" until seven days before trial without court permission, and they provide that amended pleadings substitute for the original pleadings. *See* TEX. R. CIV. P. 63, 65. He then specifically relies upon *Cannon*'s statement that the plaintiff's section 1983 claims in *Cannon*, filed in an amended petition after the defendants had moved to dismiss pursuant to section 101.106(e), were not brought under the TTCA and "[s]ubsection 101.106(e) of the Tort Claims Act does not contemplate dismissal of claims asserted independently of that Act." 453 S.W.3d at 412, 416.

Rios, however, overlooks the statement in *Cannon* pointing out that the amended petition in that case did *not* "omit claims against the government in an attempt to preserve tort claims against employees that would otherwise be subject to dismissal." *Id.* at 417. And indeed, Rios did exactly the *opposite* from Cannon. After UTHSC and the Physician Defendants moved to dismiss under section 101.106, Rios amended his petition to drop his common-law tort claims against UTHSC and to assert these claims solely against the Physician Defendants, and he added a section 1983 claim against the Physician Defendants based on the *exact same* alleged conduct and ultimate issues of fact that had formed the basis for his tort claims in his Original Petition.

Rios's tort claims in his Amended Petition, as well as his federal section 1983 claims, are indistinguishable in subject matter from the common-law tort claims asserted against the Physician Defendants as employees of UTHSC in his Original Petition. Even the language of the Amended Petition is identical to that of the Original Petition except for the addition of language recasting as violations of section 1983 *the exact same acts* Rios pled in *both* petitions against the Physician Defendants as the common-law torts of tortious interference with his employment contract, tortious interference with future relations, and defamation—namely "making false statements that eventually led to his contract being terminated." This case is, thus, the exact contrary of *Cannon*, in which the plaintiff expressly dismissed

24

all of her common-law tort claims and disclaimed reasserting her tort claims as her section 1983 claims. *See Cannon,* 453 S.W.3d at 413 (noting that after Cannon filed her amended petition asserting 1983 claims, she dismissed all of her common-law tort claims).

I would conclude that Rios amended his petition for the precise purpose of "omit[ting] claims against the government in an attempt to preserve tort claims against employees that would otherwise be subject to dismissal." *Id.* at 417. I would hold, therefore, that Rios's amendment of his pleadings was impermissible and improper under *Cannon.* I would also hold that Rios could not recast his common-law tort claims as section 1983 claims against the Physician Defendants in his Amended Petition while still pleading his common-law tort claims based on the exact same facts regarding the exact same subject matter as in his Original Petition, as that action was plainly designed to circumvent the election of remedies provision in section 101.106(a). Nor could he cast his section 1983 claims as claims against *state actors*—the only persons to whom such claims apply—while contradictorily maintaining that the Physician Defendants were *not state actors* because they had not been shown to be state employees.

I conclude that Rios's filing of his Original Petition in tort against UTHSC and its employees constituted an irrevocable election to bring his claims against UTHSC only. Therefore, the filing of his Amended Petition, which dropped his tort

25

claims against UTHSC and reasserted the exact same claims against UTHSC's employees only, constituted a direct violation of the plain language of section 101.106, and that cause of action was barred by the statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a) ("The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and *immediately and forever bars any suit or recovery by the plaintiff* against any individual employee of the governmental unit regarding the same subject matter") (emphasis added).

I would hold, therefore, that, under the circumstances of this case, UTHSC was entitled to immediate dismissal of Rios's claims against the Physician Defendants upon the filing of his Original Petition. *See id.* § 101.106(e) ("If a suit is filed under [the Tort Claims Act] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."); *see also Cannon*, 453 S.W.3d at 417 ("Cannon does not dispute that, by asserting common-law tort claims against both the Department and the Employees, she made an irrevocable election under subsection (e) to pursue those claims against the government only, even though the court of appeals ultimately determined that the government was immune from suit.").

As the pleadings in Rios's Original Petition affirmatively negated the existence of jurisdiction over the Physician Defendants, UTHSC's plea to the

jurisdiction should be granted, and Rios should not be allowed to replead. *See Miranda*, 133 S.W.3d at 226–27.

### 3. The Concurrence

My opinion is not changed by the concurrence. The concurring opinion takes the position that Rios timely amended and replaced his Original Petition and that UTHSC's Amended Motion to Dismiss, filed in response to Rios's Amended Petition, "canceled and replaced [its] first Motion to Dismiss." *See* Slip Op. at 6. Thus, only the Amended Petition and the Amended Motion to Dismiss remained to be adjudicated. *See id.* at 8. I cannot agree with the concurrence that a plaintiff in a suit subject to the Tort Claims Act has an automatic right to amend his original petition after a motion to dismiss the original suit under section 101.106 has been filed and thereby to initiate a new suit that voids the original.

Section 101.106(a) expressly states that "*[t]he filing of a suit* under [the Tort Claims Act] against a governmental unit *constitutes an irrevocable election* by the plaintiff and immediately *and forever bars any suit* or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a) (emphasis added). By allowing the plaintiff to amend and automatically nullify the original petition while a motion to dismiss under section 101.106 is pending before the trial court can rule on the pending motion to dismiss, a court necessarily declares that the original

election was *not* irrevocable and that no determination is needed as to whether the second suit was barred; it automatically is *not* barred. This judicial action contradicts the express language of section 101.106(a). And it also nullifies the intent of section 101.106(e), which provides that "[i]f a suit is filed under [the Tort Claims Act] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *Id.* § 101.106(e).

It cannot have been the intent of the Legislature to enact a null statute. *See* TEX. GOV'T CODE ANN. § 311.021 ("In enacting a statute, it is presumed that . . . (2) the entire statute is intended to be effective; [and] (3) a just and reasonable result is intended . . . ."); *see also In re M.N.*, 262 S.W.3d at 802 (in construing statute, "our objective is to determine and give effect to the Legislature's intent"; court presumes that "the Legislature intended a fair and reasonable result" and that "the Legislature included each word in the statute for a purpose"). Therefore, I cannot agree with the position taken by the concurrence that Rios's filing of an amended petition during the pendency of a section 101.106 motion to dismiss automatically nullified Rios's original petition. Nor can I agree that UTHSC's filing of an amended motion to dismiss responding to the pleading in the amended petition nullified the motion to dismiss pending with respect to the original petition.

The trial court should have considered the allegations in both Rios's Original Petition and his Amended Petition in order to determine whether he amended his petition solely in an effort to avoid the requirements of section 101.106 and to nullify the intended effect of the statute. Otherwise, *every plaintiff* with a claim potentially subject to dismissal under section 101.106 can negate his original pleading—and negate the purpose of section 101.106—simply by filing an amended petition on the *exact* same grounds against the *exact* same governmental entity and governmental employees with the *exact* same ultimate issues of fact, but under a different name for the claims, as soon as the defendant files a motion to dismiss under section 101.106 and before the trial court has the opportunity to rule on the pending motion to dismiss the original petition. He can then claim that the amended petition constitutes the filing of a new suit that nullifies the original petition and any pending motion to dismiss and that any amended motion to dismiss filed in response to the amended petition is not meritorious under section 101.106 because the original suit disappeared. That is exactly what Rios did here. And it is exactly what the concurrence would permit him to do, without providing any means for determining whether the second suit was barred because it merely restated the first suit with respect to the same parties and the same subject matter under an additional theory that merely redesigned his tort claims as federal section 1983 claims based on the same ultimate issues of fact.

I would review Rios's Amended Petition *and* his Original Petition in light of section 101.106 to determine whether Rios's "filing of [his original] suit" under the Tort Claims Act constituted an "irrevocable election" that "bar[red] any suit"—namely the suit brought by Rios's substituted amended petition—regarding the same subject matter and therefore whether the second suit was barred. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a). Under the circumstances of this suit, I would hold that the suit pled in Rios's Amended Petition was barred by section 101.106.

## Conclusion

I would reverse the judgment of the trial court denying UTHSC's motion to dismiss the Physician Defendants. I would grant the motion and dismiss with prejudice Rios's suit against the Physician Defendants.

Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Chief Justice Radack, concurring.

Justice Keyes, dissenting.